UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MAYRA ENID YULFO-REYES        :    Civ. No. 3:17CV02015(SALM)
                              :
v.                            :
                              :
NANCY A. BERRYHILL,           :
ACTING COMMISSIONER, SOCIAL   :
SECURITY ADMINISTRATION       :    February 13, 2019
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES [Doc. #39]**

Plaintiff Mayra Enid Yulfo-Reyes ("plaintiff") has filed an application for attorney's fees pursuant to the Equal Access to Justice Act [Doc. #39], along with an "[a]ffirmation in [s]upport" of that application [Doc. #40]. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("defendant") has filed a memorandum in opposition to plaintiff's application [Doc. #41], to which plaintiff has filed a reply [Doc. #42]. For the reasons stated below, plaintiff's Application for Attorney's Fees [**Doc. #39**] is **granted, in part**, in the amount of **$12,313.80**.

I.  **Background**

On December 18, 2009, plaintiff concurrently applied for supplemental security income ("SSI") and Disability Insurance Benefits ("DIB") claiming that she had been disabled since September 18, 2007. See Certified Transcript of the

1

Administrative Record, Doc. #16, compiled on January 11, 2018, (hereinafter "Tr.") at 203; Tr. 215; Tr. 541-52.[1] Following a lengthy procedural history which has spanned nine years and involved four administrative hearings, an administrative remand, and a prior remand by the district court, plaintiff, then self-represented, filed the Complaint in this case on December 6, 2017. [Doc. #1]. On February 8, 2018, defendant filed her Answer and the official transcript. [Doc. #16].

On April 19, 2018, the Court appointed Attorney John J. Morgan as pro bono counsel for plaintiff. [Docs. #22, #23]. On July 19, 2018, and in accordance with the Court's April 19, 2018, Order [Doc. #22], plaintiff filed her Motion for Order of Reversal, or in the Alternative Remand for Further Proceedings ("Motion to Reverse"), along with a supporting memorandum and medical chronology [Doc. #32]. On September 17, 2018, defendant filed a Motion to Affirm the Decision of the Commissioner [Doc. #34], to which plaintiff filed a Reply Memorandum on October 1, 2018 [Doc. #35]. On November 8, 2018, the undersigned issued a Ruling granting plaintiff's Motion to Reverse, and ordered a remand of this matter for a calculation and award of benefits.

---

[1] Plaintiff's application for DIB was denied on January 16, 2010, because plaintiff did "not qualify for disability benefits because [she] had not worked long enough under Social Security." Tr. 257. Plaintiff did not seek reconsideration of that decision and proceeded only on the SSI application.

[Doc. #36]. Judgment entered on November 9, 2018. [Doc. #37]. An Amended Judgment was thereafter entered on November 14, 2018. [Doc. #38].

On January 7, 2019, plaintiff filed an application for attorney's fees together with an affidavit, assignment of fees, and time sheet. [Docs. #39, #40]. On January 17, 2019, defendant filed a memorandum in opposition to plaintiff's application. [Doc. #41]. Plaintiff filed a reply to defendant's opposition on January 24, 2019. [Doc. #42].

**II. Discussion**

    A.    Entitlement to Fee

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty

3

days of final judgment. See 28 U.S.C. §2412(d)(1)(B).[2]

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and an award of fees may enter. Defendant does not contest that point. See Doc. #41 at 1. Specifically, the Court finds that: (1) plaintiff is a prevailing party because the Court granted plaintiff's Motion to Reverse and ordered a remand of this matter for a calculation and award of benefits; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] 28 U.S.C. §2412(d)(1)(B).

---

[2] The Court is also guided by this District's Local Civil Rules governing the compensation for services of pro bono counsel:

> Upon appropriate application by the appointed attorney, the presiding judge may award to the appointed attorney attorney's fees, costs and/or expenses, as authorized by applicable statute, regulation, rule or other provision of law, and as the presiding judge deems just and proper. In deciding whether to award attorney's fees, the presiding judge will consider: (i) the relevant statutes and provisions of law; (ii) the source of the fee award; (iii) the services rendered; (iv) the out-of-pocket costs incurred by the attorney, and (v) any other factors the presiding judge deems appropriate.

D. Conn. L. Civ. R. 83.10(l)(1) (sic).

[3] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action

4

The Court next turns to the reasonableness of the fees sought.

B. Reasonableness of Fees Sought

Plaintiff seeks fees in the amount of $16,551.80, representing 80.65 hours of attorney time at the rate of $205.23 per hour. See Doc. #39 at 1. Plaintiff's counsel generally asserts that the fees sought are reasonable because the "case is a highly complex appeal" and the record contains thousands of pages. Doc. #39 at 1. Plaintiff's counsel also contends that his work involved "detailed analysis" and "extensive legal research[,]" and that "the time billed substantially underrepresents the work necessary (and actually done) to represent the claimant properly." Id. at 2, 3. In that regard, plaintiff's counsel represents that such time was not submitted to account for his "'learning curve' required to understand the underlying legal predicate for plaintiffs claim." Id. at 3 (sic).

Defendant does not contest the hourly rate sought,[4] but

---

for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

[4] Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor[] ... justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Presumably, although not explicitly stated, plaintiff's counsel seeks a cost of living increase resulting in the adjusted rate of $205.23. Plaintiff's counsel asserts he has been "told" the "EAJA fee schedule rate

5

instead asserts that "80.65 hours is excessive and unreasonable for this social security matter." Doc. #41 at 2. Defendant also specifically objects to an award of fees for time billed for clerical tasks; the time billed in connection with the EAJA application; and the time billed in responding to the Court's Order to Show Cause. See id. at 8-9.

    It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[5] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014)

---

of $205.23[] ... applies to this action." Doc. #40 at 2. Because defendant does not contest the hourly fee sought, the Court assumes, without deciding, that the hourly rate sought is reasonable.

[5] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

(quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations & internal quotation marks omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

> However, in cases where the specific circumstances warrant it, courts do not hesitate to award fees in excess of twenty to forty hours. In such cases, the relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.

Butler v. Colvin, No. 3:13CV607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29, 2015) (internal citation and quotation marks omitted).

Bearing the above in mind, the Court turns to defendant's objections to the time billed by plaintiff's counsel. Before addressing defendant's contention that the hours sought are generally "[e]xcessive and [u]nreasonable[,]" the Court first considers defendant's specific objections to plaintiff's counsel's time entries.

*1. Clerical Tasks*

Defendant first objects to plaintiff's counsel's billing entries which defendant classifies as "clerical in nature[.]" Doc. #41 at 8. Specifically, defendant asserts that 4.75 hours billed "on July 20, 2018 for billing revisions, filing the brief and attachments, reviewing a court order, and reorganizing the file[,]" and .6 hours billed on April 23, 2018, "for opening the file" are clerical tasks which are not compensable under the EAJA. Id. at 8-9 (internal quotation marks omitted). Plaintiff's counsel does not attempt to further explain those specific billing entries in the reply brief. See generally Doc. #42.

"Filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees." Broome v. Biondi, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997) (citation omitted); see also Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) ("Plaintiffs cannot recover for time spent by attorneys completing administrative tasks."). Such clerical tasks are also not compensable in cases seeking an award of attorney's fees under the EAJA. See Rivera v. Colvin, No. 3:14CV1012(WIG), 2016 WL 1363574, at *2 (D. Conn. Apr. 6, 2016) (clerical tasks "not compensable under the EAJA" (citing cases)); see also J.O., 2014 WL 1031666, at *2 ("Time spent

8

doing clerical tasks is not compensable." (citation omitted));
Gelinas v. Colvin, No. 3:13CV891(CSH), 2014 WL 2567086, at *2
(D. Conn. June 6, 2014) ("Counsel's hours spent doing certain
clerical tasks, such as drafting a certificate of service,
converting documents to searchable format, downloading court
documents from CM/ECF, downloading the summons, compiling
documents for service on defendant, and calendaring dates, are
not compensable under the EAJA."). Accordingly, the Court finds
a reduction in time by 5.35 hours (4.75 hours, plus .6 hours)
for the performance of clerical tasks is warranted. To the
extent that some of these clerical tasks were included in block
entries, this further warrants a reduction in time. See Gelinas,
2014 WL 2567086, at *2.

    2.   *EAJA Application*

Defendant next asserts that the approximate 3.25 hours
billed in connection with the preparation of the EAJA
application "is more than an hour higher than the usual
permissible amount." Doc. #41 at 9. Specifically, defendant
points to the following billing entries which appear to account
for the time billed in connection with the EAJA application:

| Date | Time Billed | Entry |
|---|---|---|
| 11/10/2018 | 1.50 | review court order<br>research re: appeal periods, attorney fee application, scheduling order |
| 11/26/2018 | .5 | research re: attorney fees application UAJA (sic)<br>email to attorney Zoltan |
| 11/26/2018 | 1.25 | work on fee application, client assignment, extended discussion with Halpine re: result and attorney Halpine portion of fee |
| **TOTAL:** | 3.25 | |

See Doc. #41 at 9. Plaintiff's counsel does not respond to this aspect of defendant's argument in the reply brief.

In this District, judges have routinely allowed a plaintiff's attorney to bill up to two hours for preparing an EAJA petition. See, e.g., Texidor v. Colvin, No. 3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015); Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at *4 (D. Conn. Jun. 4, 2013); Hosking v. Astrue, No. 3:10CV64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010); Gelinas, 2014 WL 2567086, at *3. Accordingly, the Court finds a reduction of 1.25 hours warranted in connection with the preparation of the EAJA application.

   *3.   Order to Show Cause Response*

Next, defendant contends that the Court should reduce plaintiff's time by 4.5 hours, which were incurred in connection with plaintiff's counsel's response to the Court's order to show cause. See Doc. #41 at 9. Specifically, defendant asserts that

because "these hours were not spent assisting Plaintiff with her Motion to Reverse[,]" that counsel should not be compensated for those hours. Doc. #41 at 9. The Court agrees and therefore reduces the time sought by 4.5 hours.[6] See Weeks v. Colvin, No. 3:13CV00232(JCH), 2015 WL 3453358, at *2 n.2 (D. Conn. May 28, 2015) (affirming order which declined "to award fees for 1.8 hours spent reviewing the court's Order to Show Cause for failure to prosecute, filing a motion for extension of time in response, and reviewing related Court Orders regarding requests for extension of time[]").

    *4. Hours Billed, Generally*

Defendant asserts that "Plaintiff's compensation for over 80 hours of work is excessive and unreasonable in light of the fact that this was Plaintiff's second civil action with respect to her claim for SSI, and counsel relied heavily on the statement of facts and legal arguments filed by Plaintiff's prior counsel in her first civil action." Doc. #41 at 4. Defendant contends that the hours billed for "reviewing the record, organizing the file, speaking with Plaintiff's prior counsel, and conforming the statement of facts and two sets of records[,]" along with the time billed for the drafting and revising of both the Motion to Reverse and reply brief are

---

[6] Plaintiff offers no response to this argument in her reply

11

excessive. Id. at 4-8. Plaintiff responds that each of the four factors courts consider when reviewing EAJA applications "support[] the Application and counters the Objection." Doc. #42 at 2.

Three of the four factors that courts consider in determining the reasonableness of fees sought under the EAJA in social security cases support an upward departure from the typical 20-40 hours awarded in such cases. First, plaintiff's pro bono counsel did not represent plaintiff at any point during the administrative proceedings; second, plaintiff's counsel admittedly has no experience handling social security appeals; and third, the transcript here was a relatively large 2,647 pages (although by no means among the largest this Court has ever seen). See Doc. #42 at 2-3.

The Court does not agree that the complexity of the factual and legal issues involved support an upward departure from the typical 20-40 hours awarded in cases such as this. See id. at 4. This is particularly so because plaintiff's counsel relied on many of the arguments, some verbatim, that were previously presented by plaintiff's prior counsel in her first appeal to this Court. Compare Yulfo v. Colvin, No. 15CV952(SALM) (hereinafter "Yulfo I"), Doc. #19-1 at 4-5, 7-12, 13-14, with

---

brief.

Doc. #32-1 at 13-14, 15-20, 20-21.[7] Additionally, although counsel contends that cases "relevant to plaintiff's [literacy] argument were astonishingly rare[,]" Doc. #42 at 4, the Court's independent research did not prove to be such a herculean task.

    Finally, although plaintiff's counsel did present the prevailing argument, the Court sua sponte construed those somewhat undeveloped arguments in such a way that resulted in the remand. For example, although plaintiff generally argued that the ALJ failed to comply with the treating physician rule, see Doc. #32-1 at 21-23, the Court, without any briefing by plaintiff, raised the errors relating to the ALJ's reliance on the state reviewing, non-examining physicians. See Doc. #36 at 18-25. Additionally, although plaintiff made passing reference to her use of a cane, see Doc. #32-1 at 15, the Court independently determined that the ALJ's discussion of that use was inadequate. See Doc. #36 at 25-27. Thus, although plaintiff's counsel's efforts did ultimately result in a favorable determination, the Court largely found a basis for remand upon its de novo review of the record.

    Therefore, in light of the foregoing, and because "of the Second Circuit's caution that fees under the EAJA should be

---

[7] Of further note, plaintiff re-filed the statement of facts filed by plaintiff's prior counsel in Yulfo I. See Doc. #32-2.

13

awarded with an 'eye to moderation,'" Gelinas, 2014 WL 2567086, at *2 (quoting N.Y. Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983)), the Court finds that an additional reduction in time is warranted. "The Court is not required to scrutinize each action taken or the time spent on it when determining what is reasonable. Instead, the Court has discretion simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application." Hogan v. Astrue, 539 F. Supp. 2d 680, 683 (W.D.N.Y. 2008). Indeed where, as here, the "entries on a time sheet are vague or duplicative or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours." Andrews v. City of New York, No. 14CV1721(FB)(CLP), 2015 WL 5773961, at *8 (E.D.N.Y. Sept. 29, 2015) (citation and internal quotation marks omitted).

Accordingly, the Court finds that it is appropriate to reduce the remaining hours billed by plaintiff's counsel. Given the time that the Court has already reduced from plaintiff's counsel's fee application, the total time billed by plaintiff's counsel now stands at a total of 69.55 hours, which amounts to $14,273.75 in attorney's fees. The Courts finds that an additional reduction in that time is reasonable to account for

excessive and/or duplicative time billed on this matter. Accordingly, the Court awards plaintiff's counsel a total of **$12,313.80,** which equates to 60 hours of attorney time.

### III. Conclusion

For the reasons set forth above, plaintiff's Application for Attorney's Fees [**Doc. #39**] is **granted, in part,** in the amount of **$12,313.80.**

Dated at New Haven, Connecticut, this 13th day of February 2019.

                                        /s/
                                Hon. Sarah A. L. Merriam
                                United States Magistrate Judge